UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON WARGOLET,

        Plaintiff,

  v.                                        Case No. 25-cv-310-pp

ROUNDY'S SUPERMARKETS, INC.,
KROGER CO., INC. and DOES 1-10,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND BREACH OF CONTRACT CLAIM (DKT. NO. 32)**

        This is a putative class action alleging that Roundy's Supermarkets overcharged Wisconsin customers for groceries by mislabeling the weight of various products. Dkt. No. 1-1. The defendants filed a motion to dismiss the amended complaint for failure to state a claim. Dkt. No. 26. After the court granted that motion and dismissed with prejudice Count Four of the amended complaint, dkt. nos. 31, 33, the plaintiff filed the instant motion for leave to amend Count Four of the amended complaint, dkt. no. 32. Because amending Count Four would be futile, the court will deny the plaintiff's request.

**I.    Background**

        The plaintiff originally filed this case in Milwaukee County Circuit Court, asserting four claims: (1) common law and statutory fraud; (2) statutory violation of Wis. Stat. §100.18; (3) deceptive trade practices; and (4) negligence. Dkt. No. 1-1. Defendant Roundy's removed the case to this court and moved to

1

dismiss the complaint for failure to state a claim. Dkt. No. 12. Among other defenses, Roundy's motion raised an argument that the plaintiff's common law fraud claim was barred by the economic loss doctrine. Dkt. No. 13 at 7–9.

Instead of responding to the motion to dismiss, the plaintiff filed an amended complaint, adding Kroger Co. (Roundy's parent company) as a defendant. Dkt. No. 16. The amended complaint raised four claims: (1) Wisconsin statutory fraud and "common law fraud/false advertising violations as to out of state/non-economic loss rule class members only"; (2) deceptive trade practices in violation of Wis. Stat. §§100.18(1) and 100.18(2); (3) deceptive trade practices in violation of Wis. Stat. §100.20 and Wis. Admin. Code ATCP §§90.01, 91.01, 92.01 and 98.01; and (4) breach of contract. Id. at ¶¶30–102. The defendants filed a motion to dismiss the amended complaint for failure to state a claim. Dkt. No. 26.

At a December 2, 2025 hearing, the court granted the defendants' motion and dismissed the amended complaint for failure to state a claim. Dkt. Nos. 31, 33. The court gave the plaintiff leave to amend Counts One and Three of the amended complaint and dismissed with prejudice Counts Two and Four. Id. The court dismissed Count Four with prejudice because the plaintiff did not give the defendants pre-suit notice of his claim—a defect that the court stated could not be cured with an amendment. Dkt. No. 34 at 49:11–16. At the end of the hearing, the plaintiff asked leave to amend Count Four of the amended complaint, stating that he believed the failure to provide pre-suit notice was curable. Id. at 51:23–52:14. The court responded that the plaintiff could file a

2

brief motion asking for leave to amend Count Four and explain why he believed the lack of notice was curable. Id. at 52:25–53:4.

Less than two hours after the hearing, the plaintiff filed a motion to amend Count Four. Dkt. No. 32. The defendants oppose the request. Dkt. No. 35.

## II. Parties' Arguments

The plaintiff argues that the court should grant him leave to amend Count Four because there is no Wisconsin Supreme Court authority requiring that a buyer give pre-suit notice before filing a breach of contract claim. Dkt. No. 32 at 1 (quoting Castle v. Kroger Co., 634 F. Supp. 3d 539, 563 (E.D. Wis. 2022)). He contends that Wisconsin courts have ruled only on whether the notice given is reasonable, but "has not held that notice must occur pre-suit to be reasonable." Id. at 2 (quoting Castle, 634 F. Supp. 3d at 563). The plaintiff asserts that he added his breach of contract claim in the amended complaint because the defendants raised the economic loss doctrine as a defense to the original complaint. Id. The plaintiff states that he "believes the notice issue is curable," but cites no authority supporting this proposition. Id. He seeks leave to include in the second amended complaint "allegations demonstrating compliance with the notice requirement of Wis. Stat. § 402.607(3)(a) subsequent to the filing of the original pleading." Id.

The defendants respond that the plaintiff has not shown that Wisconsin law permits post-suit notice. Dkt. No. 35 at 3. They argue that the plaintiff relies on dicta from Castle and does not cite a single case supporting his theory

3

that lack of pre-suit notice is curable. Id. They argue that although this court in Castle acknowledged the lack of guidance on this issue from the Wisconsin Supreme Court, it relied on Wisconsin federal district court decisions to ultimately dismiss that plaintiff's breach of warranty claim for her failure to give pre-suit notice. Id. at 3–4 (citing Castle, 634 F. Supp. 3d at 563–64).

The defendants argue that the purpose of requiring pre-suit notice is to put a seller on notice of the claim so that the seller may remedy any defect in the goods prior to litigation. Id. at 4. They argue that if post-suit notice were permissible, it would deprive the seller of the opportunity to cure the defect and avoid litigation. Id. at 4–5. The defendants assert that based on these principles, multiple federal courts in Wisconsin have found that Wisconsin requires pre-suit notice under the state's version of the Uniform Commercial Code (UCC). Id. at 5 (collecting cases). They say that courts in other states addressing similar UCC provisions have held the same. Id. at 5–6 (citing cases interpreting Pennsylvania, Illinois and Missouri law).

In the alternative, the defendants argue that even if post-suit notice was permissible, the plaintiff did not provide notice within a reasonable time. Id. at 6. The defendants argue that a delay of as little as five months between the buyer learning of the defect and notifying the seller of the defect has been found to be unreasonable. Id. at 6–7 (citing Schaefer v. Weber, 265 Wis. 160, 167 (Wis. 1953)). The defendants argue that the plaintiff purchased allegedly weight-shorted food from 2021 to 2024, and the Wisconsin Department of Agriculture, Trade and Consumer Protection announced a settlement with the

4

defendants regarding a weight-shorting investigation on November 19, 2024. Id. at 7 (citing Dkt. No. 16 at 28). Based on these facts, the defendants argue that the plaintiff must have discovered the weight-shorting problem well before filing this case in January 2025. Id. The defendants state that the plaintiff did not give them notice of the claim until a letter dated December 3, 2025. Id. The defendants argue that based on the complaint's filing date of January 27, 2025 (the absolute latest date the plaintiff could have learned of the breach), the letter notice came eleven or more months after the plaintiff discovered the breach, which they assert is unreasonable. Id.

The plaintiff raises several arguments in reply, but the court will not consider them for multiple reasons. First, the plaintiff's reply brief was untimely filed. The defendants filed their response to the motion on December 23, 2025. Under this court's local rules, the plaintiff's reply was due fourteen days later—on January 6, 2026. Civil Local Rule 7(c) (E.D. Wis.). The court did not receive the reply brief until the evening of January 7, 2026. Second, the reply raises a new argument by seeking leave to add Beka Wargolet as a plaintiff to cure the lack of notice. "New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utilities, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) (citation omitted); see also Griffin v. Bell, 694 F.3d 817, 822 (7th Cir. 2012) (observing that "arguments raised for the first time in a reply brief are deemed waived"). And arguably, because the plaintiff did not

5

include in his opening brief legal argument or support that failure to provide pre-suit notice is curable, the court could consider him to have waived *all* his arguments to that effect in reply, because he had the opportunity to raise them in his opening brief. The court will limit its review to the arguments in the opening and response briefs.

### III. Legal Standard

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). An amendment is futile if it merely restates a claim already dismissed, does not state a valid theory of liability or would not survive a motion to dismiss. See Garcia v. City of Chicago, Ill., 24 F.3d 966 (7th Cir. 1994).

### IV. Analysis

The plaintiff has cited no legal authority in support of his argument that pre-suit notice is not required or that a lack of pre-suit notice is curable. As the court stated in its ruling on the defendants' motion to dismiss, when a contract involves the sale of goods, "[t]he buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Wis. Stat. §402.607(3)(a). This notice requirement applies to all breach of contract claims arising out of the sale of

6

goods. See Paulson v. Olson Implement Co., 107 Wis. 2d 510, 521 (Wis. 1982); Wilson v. Tuxen, 312 Wis. 2d 705, 730–33 (Wis. Ct. App. 2008).

In Castle, this court explained that the Wisconsin Supreme Court "has not specified whether a buyer is required to give notice before filing suit," Castle, 634 F. Supp. 3d at 563, but it recounted that federal courts in both the Eastern and Western Districts of Wisconsin have held that pre-suit notice is required, id. at 563–64. This court acknowledge that the purpose of the notice requirement is, in part, to provide the seller with an opportunity to avoid litigation with a particular plaintiff. Id. at 564 (citing Brame v. Gen. Motors LLC, 535 F. Supp. 3d 832, 840 (E.D. Wis. 2021)). This court dismissed without leave to amend the plaintiff's breach of warranty claims for failing to provide pre-suit notice to the defendant. Id.

The plaintiff has not cited—and this court is not aware of—any Wisconsin Supreme Court decisions issued after Castle that have addressed this issue. The Wisconsin Supreme Court's silence on this issue does not demand the conclusion that pre-suit notice is not required; it shows only that the state's highest court has not addressed the issue. Absent guidance from the state courts, federal courts may look to other jurisdictions to predict how the highest state court would decide the issue. See King v. Damiron Corp., 113 F.3d 93, 95 (7th Cir. 1997). That is exactly what this court did in Castle and what the court is doing now. Other federal courts interpreting Wisconsin law have found that pre-suit notice is necessary. See Brame, 535 F. Supp. 3d at 841; Blitz v. Monsanto Co., 317 F. Supp. 3d 1042, 1055 n.10 (W.D. Wis. 2018).

7

And because notice must be given pre-suit, it necessarily is not curable by issuing notice after litigation has commenced. See Baldwin v. Star Sci., Inc., No. 14 C 588, 2016 WL 397290, at *10 (N.D. Ill. Feb. 2, 2016) (interpreting Illinois' version of the UCC and dismissing breach of warranty claim with prejudice, stating that allowing post-suit notice "would defeat a principal purpose of the notice requirement"). The court need not address whether the plaintiff's December 2025 notice is reasonable because the plaintiff provided that notice post-suit.

The court will deny the plaintiff's motion for leave to amend Count Four because the lack of pre-suit notice is not curable.

### V. Conclusion

The court **DENIES** the plaintiff's motion for leave to amend Count Four of the amended complaint. Dkt. No. 32.

The court **REITERATES** its prior order that if the plaintiff wishes to proceed with this case, he must file a second amended complaint that complies with this order and the court's December 2, 2025 oral ruling by the end of the day on February 6, 2026. If the court does not receive a second amended complaint by day's end on February 6, 2026, the court will dismiss this case for failure to state a claim.

Dated in Milwaukee, Wisconsin this 16th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**