UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON WARGOLET,
*on behalf of himself and those similarly situated,*

        Plaintiff,

                             Case No. 25-cv-310-pp

    v.

ROUNDY'S SUPERMARKETS, INC.,
THE KROGER CO. and DOES 1-10,

        Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. NO. 39) AND DISMISSING CASE WITH PREJUDICE**

---

This is a putative class action alleging that Roundy's Supermarkets overcharged customers for groceries by mislabeling the weight of various products. Dkt. No. 1-1. The court granted the defendants' motion to dismiss the amended complaint for failure to state a claim and permitted the plaintiff to file a second amended complaint. Dkt. No. 33. The defendants have moved to dismiss the second amended complaint for failure to state a claim and for lack of standing. Dkt. No. 39. The court will grant the defendants' motion to dismiss and dismiss the case with prejudice.

## I.    Background

###    A.    <u>Procedural History</u>

On January 27, 2025, the plaintiff filed a class action complaint in Milwaukee County Circuit Court. Dkt. No. 1-1. Defendant Roundy's removed the putative class action to this court based on the Class Action Fairness Act.

1

Dkt. No. 1. Roundy's then moved to dismiss the complaint for failure to state a claim. Dkt. No. 12. In lieu of filing a response, the plaintiff filed an amended complaint adding The Kroger Co. (Roundy's parent company) as a defendant. Dkt. No. 16.

On July 22, 2025, the defendants filed a joint motion to dismiss the amended complaint for failure to state a claim and for lack of standing. Dkt. No. 26. On December 2, 2025, the court granted that motion via an oral ruling. Dkt. No. 33. The court determined that the plaintiff had not stated a claim for statutory fraud (Count I) or for unfair competition under Wis. Stat. §100.20 (Count III) because the amended complaint lacked facts identifying the products the plaintiff purchased, their stated and actual weights and any pecuniary loss he suffered. Dkt. No. 34 at 29:25–32:3, 39:6–43:5. The court dismissed with prejudice the plaintiff's claim under Wis. Stat. §100.18 (Count II) because that statute does not apply to misrepresentations on food labels. Id. at 36:7–38:14. The court dismissed with prejudice the plaintiff's breach of contract claim (Count IV) because the plaintiff had not provided pre-suit notice to the defendants. Id. at 43:13–24. The court also dismissed the plaintiff's claims for injunctive relief because the complaint did not establish that the plaintiff was likely to suffer future harm. Id. at 46:21–47:9. Although the defendants also raised the issue of standing, arguing that the plaintiff could not bring claims regarding mislabeled products he did not purchase, the court determined that any standing issues should be addressed at the class certification stage. Id. at 47:23–48:16.

The court ordered that Counts II and IV of the plaintiff's amended complaint were dismissed with prejudice, but granted the plaintiff leave to amend Counts I and III. Id. at 49:3–50:7. At the end of the hearing, the plaintiff

2

sought leave to amend Count IV, arguing that he believed that a lack of pre-suit notice could be curable. Id. at 51:23–24. The court permitted the plaintiff to file a brief motion asking for leave to amend that claim. Id. at 52:25–53:4. The plaintiff did so immediately after the hearing. Dkt. No. 32. After the parties briefed the motion, the court determined that the plaintiff had failed to show that pre-suit notice is not required or is curable, so the court denied the motion to amend Count IV. Dkt. No. 37.

On February 6, 2026, the plaintiff filed the second amended complaint. Dkt. No. 38. The defendants' motion to dismiss followed. Dkt. No. 39. The motion is fully briefed. Dkt. Nos. 43-45.

B.    Allegations in the Second Amended Complaint

In the second amended complaint, the plaintiff alleges that the defendants have a practice of "overcharging customers in Wisconsin and nationwide for products labeled in their Distribution Centers and fulfillment centers . . . based on mislabeling the weight and pricing of products." Dkt. No. 38 at ¶1. The plaintiff alleges that Roundy's, operating as a wholly-owned subsidiary of Kroger, sells various food products that are labeled and priced by weight at the Roundy's Distribution Center in Oconomowoc, Wisconsin and at individual stores. Id. at ¶9. He asserts that he believes that the defendants are overcharging customers by selling products that are "systematically mislabeled with declared net weights that exceed the actual net weight" of the products. Id. at ¶11.

The plaintiff alleges that in December 2023 and January 2024, inspectors from the Wisconsin Department of Agriculture, Trade and Consumer Protection (DATCP) inspected eighty-one stores owned and operated by Roundy's and determined that 1,202 products were labeled with an inaccurate

weight, resulting in consumers being overcharged by an average of $1.44 per item. Id. at ¶¶12–13. The plaintiff identifies several products he purchased from two Wisconsin stores for which he purportedly was overcharged, including fruit bowls, salads, meat products and sandwiches. Id. at ¶13A. He alleges that inspectors identified an additional 587 products that had labels that were misleading for reasons other than weight, "including 55 alleged violations of improperly selling a product by count instead of by weight and 35 alleged violations of failure to properly display the net quantity in a prominent location on the packaging." Id. at ¶13B. The plaintiff alleges that on November 19, 2024, the DATCP announced a settlement with Roundy's, resolving the short weight package and labeling violations without admitting liability. Id. at ¶13C.

The plaintiff alleges that Kroger engages in the same mislabeling and overcharging practices in its distribution centers across the country. Id. at ¶¶14–16. The plaintiff cites a May 2025 Consumer Reports publication that purportedly identified "expired sales labels that led to overcharges on more than 150 grocery items" in Kroger stores across fourteen states and the District of Columbia. Id. at ¶¶17–18. The plaintiff alleges that customers in Colorado, Ohio, Michigan and Tennessee also have submitted complaints to Kroger stores or state regulatory bodies about inaccurate labeling and overcharging. Id. at ¶¶21–25. The plaintiff alleges that Kroger has failed to remove recalled infant formula products from store shelves despite warning letters from the Food and Drug Administration. Id. at ¶¶26–27.

The plaintiff brings this case on behalf of a proposed nationwide class of all persons who purchased products at any Kroger-owned store and "paid a price based on a declared net weight that exceeded the actual net weight of the product" and a Wisconsin class of all persons who purchased products from

4

Wisconsin stores operated by Roundy's and "paid a price based on a declared net weight that exceeded the actual net weight of the product." <u>Id.</u> at ¶¶28–30.

The second amended complaint raises two claims: statutory fraud in violation of Wis. Stat. §100.18 and deceptive trade practices in violation of ATCP Regulations §§90.09, 91.08 and 92.02 and Wis. Stat. §§100.20, 98.06, 98.12, 98.13 and 98.14. The plaintiff brings both claims "[o]n behalf of Plaintiffs and the Wisconsin Class;" he does not state that he brought any claim on behalf of the nationwide class. The plaintiff asks the court to issue injunctive relief and award monetary damages. <u>Id.</u> at 16–18.

## II. Motion to Dismiss

### A. <u>Defendants' Brief (Dkt. No. 40)</u>

The defendants argue that the court should dismiss the plaintiff's claim under Wis. Stat. §100.18 as barred by the court's prior ruling. Dkt. No. 40 at 9. They assert that the plaintiff raises this claim against the same parties and based on the same facts as he did in the first amended complaint. <u>Id.</u> at 10–11. According to the defendants, either *res judicata*, collateral estoppel or the law of the case bars the plaintiff from raising a claim again after the same claim has already been dismissed with prejudice. <u>Id.</u> at 11–12. Alternatively, the defendants argue that the plaintiff fails to state a Wis. Stat. §100.18 claim because that statute does not apply to representations on food labels and the second amended complaint does not identify any mislabeled non-food items the plaintiff purchased. <u>Id.</u> at 12–13.

The defendants argue that the court must dismiss Count II because Wis. Stat. §100.20 does not grant the plaintiff a private right of action to sue for violations of the cited ATCP regulations. <u>Id.</u> at 14. They argue that Wis. Stat. §100.20 creates a private right of action only for plaintiffs who suffer pecuniary

5

loss because of any ATCP *order*. Id. at 15 (citing Wis. Stat. §§100.20(2)(a), (3), (5)). The defendants assert the statute distinguishes "orders" from "a rule that regulates." Id. (citing Wis. Stat. §100.20(2)(b)). They contend that the private right of action thus is limited to *orders*, not regulations, and that the plaintiff seeks to bring claims for violations only of ATCP *regulations*. Id. at 16.

The defendants acknowledge that the Wisconsin Court of Appeals recognized a private right of action to enforce an ATCP regulation in Gallego v. Wal-Mart Stores, Inc., 288 Wis. 2d 229, 243–44 (Wis. Ct. App. 2005), but they contend that ruling is distinguishable. Id. at 17–18. They argue that the Gallego court limited its holding to a claim based on an alleged violation of ATCP §90.10, which is not one of the regulations the plaintiff seeks to enforce. Id. at 18. The defendants argue that unlike ATCP §90.10, ATCP §90.09 explicitly states that sellers who violate the regulation are subject to an enforcement action by state regulators, not a private plaintiff. Id.

The defendants maintain that there also is no private right of action for violations of Wis. Stat. §§98.06, 98.12, 98.13 and 98.14. Id. at 19–20. They contend that these statutes describe requirements for the method of sale of certain commodities and do not regulate representations on food labels. Id. at 20. They argue that the statute vests enforcement power in "sealers and inspectors of weights and measures," rather than in private persons. Id. at 20–21 (citing Wis. Stat. §98.05).

The defendants continue that even if there were a private right of action under these statutes, the second amended complaint does not state a claim that the defendants violated ATCP regulations. Id. at 21. They argue that although the plaintiff identifies several products he purchased from Roundy's, he pleads only the range of actual versus labeled weights and the

6

corresponding range by which he was overcharged. Id. at 22. The defendants assert that the lack of specificity suggests that the plaintiff is relying on the results of the DATCP investigation rather than injuries he personally suffered. Id. The defendants contend that although ATCP §90.09 prohibits a seller from selling a product in a package containing a net quantity that is less than the net quantity declared on the package label, there is an exception for shortages due to "unavoidable variations in quantity that occur despite good packaging and distribution practices;" the defendants assert that the plaintiff has not pled facts showing that the shortages were not unavoidable. Id. at 23 (quoting Wis. Admin. Code ATCP §90.09(1)(b)).

Next, the defendants argue that the plaintiff has not stated a claim for a violation of ATCP §91.08 because no such regulation exists. Id. They say that to the extent that the plaintiff intended to bring a claim under ATCP §91.02, he fails to state a claim because that regulation applies only to items sold in bulk. Id. at 24. Finally, the defendants argue that the plaintiff has not stated a claim for a violation of ATCP §92.02 because that regulation lists only general requirements for selling and using weighing and measuring devices rather than computing prices for items sold by weight. Id. at 24–25.

The defendants assert that the plaintiff lacks standing to seek injunctive relief, which they say is confirmed by the court's prior ruling. Id. at 25. The defendants argue that the plaintiff has not established a risk of future harm because he simply can avoid purchasing products that were allegedly mislabeled, and the defendants represented in their settlement with the DATCP that the labeling problems were being addressed. Id.

7

B.    Plaintiff's Response (Dkt. No. 43)

The plaintiff responds that his claim under Wis. Stat. §100.18 is not a restatement of the claim this court dismissed; he asserts that it is a claim regarding the defendants' misrepresentations in advertising and marketing rather than on food labels. Dkt. No. 43 at 4–6. The plaintiff argues that *res judicata* cannot preclude him from raising this claim because the court granted him leave to amend the complaint. Id. at 8–9. He says that *res judicata* applies only if there was a final judgment on the merits, which is not the case here. Id. at 9. The plaintiff argues that even if there had been a final judgment, his claim would not be precluded because it raises a new, distinct legal theory. Id.

The plaintiff reiterates his argument that food products can be the subject of a claim under Wis. Stat. §100.18(1) because the statute prohibits deceptive trade practices in the sale of "anything offered," which must encompass food products. Id. at 10. According to the plaintiff, the Wisconsin Court of Appeals has held only that food products cannot constitute "merchandise" under the statute, and has not addressed the issue of whether food products can be considered "anything offered" for sale. Id. at 10–11 (citing Gallego v. Wal-Mart Stores, Inc., 288 Wis. 2d 229 (Wis. Ct. App. 2005)). The plaintiff asserts that subsection 2 of Wis. Stat. §100.18 is not subject to any limitations imposed by Gallego. Id. at 11. He argues that this subsection prohibits retailers from selling "any property or services at more than the regular price." Id. (quoting Wis. Stat. §100.18(2)). According to the plaintiff, "property" is broader than "merchandise" and so can encompass food products. Id. He says that the Gallego decision applies only to claims brought under §100.18(1) and that the defendants have identified no other grounds for dismissing this claim under §100.18(2). Id. at 11–12.

8

The plaintiff contends that the court must deny the defendants' motion because they failed to address several of the regulations under which he seeks recovery. Id. at 13. The plaintiff asserts that the defendants did not challenge his claims under ATCP §§90.02(3), 90.04(1)–(4) or 90.04(5), each of which purportedly provides an independent basis for liability. Id.

The plaintiff next argues that he has a private right of action to enforce the cited ATCP regulations. Id. at 14. He contends that the DATCP's publication of its findings about the defendants' weight and measurement practices constitutes an "order" that can be enforced by a private party via Wis. Stat. §100.20(5). Id. at 14–15. He argues that the regulations expressly provide that Wis. Stat. §100.20(5) provides a remedy for violations "of every provision in Chapter 90." Id. at 16–17.

The plaintiff maintains that he adequately has alleged that the items he purchased weighed materially less than the stated weight in violation of ATCP §90.09. Id. at 18. He asserts that he is not required to negate the defendants' affirmative defense that the shortages may have been unavoidable variations. Id. The plaintiff argues that he has pled a violation of ATCP §91.02 because that regulation extends to bulk goods sold at retail, such as in the defendants' stores. Id. at 19. He argues that his interpretation of the regulation is bolstered by subsequent regulation ATCP §91.03's reference to pre-packaged fruits and vegetables, which would be sold directly to consumers in a retail, rather than a wholesale, environment. Id. at 20. The plaintiff argues that the defendants' practices clearly have violated the spirit of the regulatory scheme regardless of any specific provision implicated. Id. at 21. He maintains that ATCP §92.01 is implicated by the defendants' conduct because "when a defective or improperly calibrated weighing device at Defendants' distribution center produces a false

9

weight declaration that is then printed on the label, §92.02 is implicated at the source of the violation." Id. The plaintiff also contends that the complaint states a violation of Wis. Stat. §98.13, which he asserts prohibits any person from selling "less of any commodity than the quantity represented." Id. at 22–23.

The plaintiff argues that his amendments, identifying the products he purchased and the range that he was overcharged, sufficiently establish the pecuniary damages that resulted from the defendants' practices. Id. at 23–24. He argues that he has established a basis for injunctive relief, and that the court should decline to dismiss this request for relief when it is not clear whether the defendants have corrected their practices. Id. at 25–26. He says that the ongoing enforcement actions suggest that the defendants have not altered their behavior or otherwise addressed the weight-shorting problems. Id. at 26–27. The plaintiff contends that the court should not address the question of whether he has standing to sue for products he did not purchase until the class certification stage. Id. at 27–28. The plaintiff requests leave to amend should the court determine that the second amended complaint does not state a claim. Id. at 28–29.

C.    Defendants' Reply (Dkt. No. 44)

The defendants reply that a dismissal with prejudice is a final judgment on the merits for *res judicata* purposes. Dkt. No. 44 at 3. They argue that the plaintiff's Wis. Stat. §100.18 claim raises the same legal theory that court already has rejected, because the claim still centers around misrepresentations on food labels, which the court ruled are governed exclusively by Wis. Stat. §100.183. Id. at 3–4. They assert that the plaintiff's theories already have been considered and rejected by the court in ruling on the prior motion to dismiss. Id. at 4–6.

The defendants maintain that the plaintiff has raised additional theories of liability in his opposition brief because he did not mention ATCP §§90.02(3) and 90.04(1)–(5) in the second amended complaint. Id. at 6. The defendants assert that these and the other ATCP regulations the plaintiff cites are not "orders" that can be enforced via Wis. Stat. §100.20. Id. at 6–7. They say that even if a private right of action were available, the plaintiff's complaint lacks specificity about what products he purchased, how they were mislabeled and the resulting pecuniary loss he suffered. Id. at 8–9. The defendants reiterate that there is no basis for inferring a private right of action to enforce general regulations under Wis. Stat. §100.20. Id. at 9–12.

The defendants contend that the plaintiff mistakenly conflates Wis. Stat. §98.01 with Wis Stat. §100.20 and fails to establish that he can bring a private lawsuit under the latter to enforce violations of §98.01. Id. at 13. They also assert that the court already has rejected the plaintiff's arguments in favor of injunctive relief and that the plaintiff's request to amend yet again is improper. Id. at 14.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion _ex rel._ Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the

11

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Iqbal, 556 U.S. at 678, and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

## IV. Analysis

### A. Wis. Stat. §100.18

The court dismissed with prejudice the plaintiff's claim under Wis. Stat. §100.18. The court's ruling precludes the plaintiff from bringing another claim under the same statute and the same theory. See Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan, 378 F.3d 669, 681–82 (7th Cir. 2004) (plaintiff was not free to include in amended complaint claims that had been dismissed with prejudice and district court did not err in imposing sanctions for attempting to re-plead dismissed claims); Crichton v. Golden Rule Ins. Co., 576 F.3d 392, 396 (7th Cir. 2009) (district court was not required to entertain plaintiff's repleading of claim that was dismissed with prejudice).

The plaintiff tries to argue that in the second amended complaint, his §100.18 claim challenges the defendants' marketing and advertising beyond food labels. But that is not what the second amended complaint says. Under Count I, the second amended complaint alleges that the defendants "made untrue, deceptive, and misleading representations to Plaintiffs and the Wisconsin Class *by labeling Products with declared net weights that exceeded the actual net weights* of the Products." Dkt. No. 38 at ¶37 (emphasis added). The second amended complaint alleges that "[t]he false weight labels on the Products constituted untrue, deceptive, and misleading representations

12

concerning the quantity and price of the Products" in violation of Wis. Stat. §100.18(1). Id. at ¶39. None of the allegations related to Count I challenge the defendants' marketing and advertising communications.

The plaintiff's contention that this is a brand-new legal theory also is belied by his arguments in support of the substantive claim. Once again, the plaintiff argues that Wis. Stat. §100.18 applies to food products because food is "anything offered" for sale. The court rejected this argument in its oral ruling dismissing the first amended complaint. The plaintiff also rehashes his arguments that food products can be considered "property" under Wis. Stat. §100.18(2). The court rejected that argument as well. Neither of these arguments reference the defendants' marketing practices.

Regardless of whether his claim is precluded (and it is), the plaintiff has identified no compelling argument in favor of the court revisiting its prior ruling. In Gallego, the Wisconsin Court of Appeals held that "misrepresentations in the *sale of food* are addressed solely under Wis. Stat. §100.183." 288 Wis. 2d at 242 (emphasis added). Even if the court were to credit the plaintiff's assertion that he now is challenging the defendants' "broader marketing and advertising communications to the public," dkt. no. 43 at 9, those marketing and advertising communications would still be misrepresentations in the sale of food. Gallego explicitly holds that §100.183 alone governs misrepresentations in the sale of food. The court must dismiss Count I of the second amended complaint.

B.     Wis. Stat. §100.20 and ATCP Regulations

The second amended complaint alleges that the defendants violated ATCP regulations §§90.09, 91.08 and 92.02 and Wis. Stat. §§98.06, 98.12, 98.13 and 98.14. The plaintiff contends that he can recover for these violations

13

in a private right of action via Wis. Stat. §100.20. But in his brief in opposition to the defendant's motion to dismiss the second amended complaint, the plaintiff raises claims for different violations: ATCP §§90.04(1)–(5) and 91.02. Given these discrepancies, it is appropriate for the court to review the errors in the plaintiff's filings before turning to the merits of this claim.

The plaintiff argues that the court should "incorporate" into the second amended complaint claims from the first amended complaint brought under ATCP §§90.02(3) and 90.04(1)–(5). See Dkt. No. 45 at 1–2. The plaintiff asserts he "inadvertently omitted" those claims from the second amended complaint. Id. at 1.

The plaintiff also alleges in the second amended complaint that the defendants violated ATCP §91.08, although there is no such statute. The plaintiff doesn't admit this error; he states only that "[i]f there is a citation error, it does not warrant dismissal" and alleges that the "substantive conduct. . . squarely implicates the regulatory scheme. . . regardless of the precise sub-provision number." Dkt. No. 43 at 21. The plaintiff also claims that Wis. Stat. §98.13 "broadly prohibits any person from selling 'less of any commodity than the quantity represented.'" Dkt. No. 43 at 22. That statute does not contain the quoted language. In his "notice of errata," the plaintiff claims that this was a typographical error and that he intended to reference ATCP §90.09, which *does* contain the quoted language. See Dkt. No. 45 at 1. The court doubts that the plaintiff made a mere typographical error when he (1) makes the same misrepresentation as to the contents of Wis. Stat. §98.13 in the second amended complaint itself, see dkt. no. 38 at ¶60, and (2) dedicates multiple pages of his brief to arguing that the defendants violated his (misrepresented) version of §98.13.

The plaintiff's opposition brief contains several other citation errors. The plaintiff provides incorrect citations to both <u>Kukorinis</u> opinions he cites in his opposition. The plaintiff cites <u>Kukorinis v. Walmart, Inc.</u>, Case No. 22-cv-02402, 2023 WL 4888853, at *17 (M.D. Fla. July 6, 2023), but the opinion is located at 2023 WL *4364454* and the quoted language appears on page six of the decision. There is no page seventeen. The plaintiff repeatedly provides pin cites (specific page cites) for other pages, including pages nineteen, twenty-one and twenty-two, that do not appear in the nine-page decision. The plaintiff cites the order granting final settlement approval as <u>Kukorinis</u>, 2024 WL 3293618 (M.D. Fla. June 28, 2024), but that opinion is located at 2024 WL *3226772*. The plaintiff repeats this error with his citation to <u>McAdams, Inc. v. Transportation Ins. Co.</u>, Case No. 96-3297, 1997 WL 312435 (Wis. Ct. App. 1997) (cited as 1997 WL 321171). At best, these errors suggest a lack of attention to detail. Regardless of the cause, the plaintiff's repeated errors and misrepresentations (and his refusal to acknowledge some of them) cast doubt on the substance of all the plaintiff's arguments.

The plaintiff also asks the court to "incorporate" into the second amended complaint claims from his first amended complaint. But the second amended complaint supersedes—takes the place of—the original complaint. <u>Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84</u>, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading."). If the plaintiff wanted to include claims from his first amended complaint in the second amended complaint, he needed to specifically repeat those claims in the second amended complaint. This court's Civil Local Rule 15 requires a party amending a pleading to reproduce "the entire pleading" as amended.

Nor may the plaintiff amend his complaint via an opposition brief or a "notice of errata. Civil L.R. 15 requires that when a plaintiff files a motion for leave to amend his complaint (Dkt. No. 32), the motion must state specifically what changes the plaintiff wishes to make through the proposed amendments. The plaintiff did not identify these new claims when he sought leave to amend. And the Seventh Circuit has held that it is a "basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ." Agnew v. Nat'l Collegiate Athletic Ass'n, 683 F.3d 328, 347 (7th Cir. 2012) (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989)).

This is the plaintiff's third attempt at drafting a complaint. This time, he had the benefit of the court's guidance from its oral ruling granting the defendants' motion to dismiss. The court will not review Wisconsin's entire regulatory scheme to determine under which provision the plaintiff's allegations *might* state a claim. The plaintiff has had three chances to identify those statutory provisions. The court will consider only whether the second amended complaint states a claim for violations of the statutes and regulations referenced on the face of the second amended complaint.

Turning to the merits of Count II, the second amended complaint does not state a claim for a violation of Wis. Stat. §100.20 or the cited ATCP regulations. Section 100.20 states that "[m]ethods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited." Wis. Stat. §100.20(1). Subsection (2)(a) states that the Department of Agriculture, Trade and Consumer Protection may issue general orders forbidding methods of competition which the ATCP determines are unfair. Wis. Stat. §100.20(2)(a). Wis. Stat. §100.20(5) provides that a person who suffers a pecuniary loss

16

because of "any order issued under this section" may sue for damages. The Wisconsin Court of Appeals has held that this subsection grants individuals a private right of action for violations of "orders" issued under the statute. Gallego, 288 Wis. 2d at 245.

The scope of this private right of action is not clear. Although the statute limits the private right of action to *orders*, most of the available cases analyzing this statute involve claims based on violations of ATCP *regulations*. See White v. Schwans Consumer Brands Inc., Case No. 23-CV-0147, 2024 WL 1115711, at *3 (E.D. Wis. Mar. 14, 2024) (collecting cases). In White, Judge Ludwig discussed this ambiguity, stating that an ATCP order enforceable under the statute is not necessarily the same as an ATCP regulation. Id. Judge Ludwig recounted that some ATCP regulations are published as "orders," and that many orders do not explicitly state that they are issued under the ATCP's Section 100.20 authority and may be promulgated under another statute. Id.

In its oral ruling on the motion to dismiss the first amended complaint, this court assumed, without deciding, that the ATCP regulations the plaintiff cited in the first amended complaint were enforceable via a private right of action. Now, the court will address each regulation to determine whether they may be enforced via Wis. Stat. §100.20.

ATCP §90.09 provides that "no person may sell any commodity in a package containing a net quantity of that commodity which is less than the net quantity declared on the package label" unless the shortage is not unreasonable and "is a result of unavoidable variations in quantity that occur despite good packaging and distribution practices." Wis. Admin. Code ATCP §90.09(1)(a)–(b). But the regulation states that any seller who violates this provision "is subject to enforcement action under [Wis. Stat. §] 98.26(1)(c)," not

Wis. Stat. §100.20. Wis. Admin. Code ATCP §90.09(1)(d). Chapter 98 of the Wisconsin Statutes explicitly states that "sealers and inspectors of weights and measures" have the authority to enforce Wis. Stat. §98.26(1)(c). Wis. Stat. §98.05(1). That statute further describes fines and imprisonment (criminal remedies available only to government plaintiffs) as punishment for violations. Wis. Stat. §98.26(1). There is no private enforcement mechanism available under Chapter 98. Because ATCP §90.09 explicitly states that violations shall be enforced via Wis. Stat. §98.26 and that statute makes no mention of private enforcement, the court concludes that there is no private right of action to enforce ATCP §90.09. Only state regulators may enforce violations of that regulation, and only via the mechanisms in Wis. Stat. §98.26(1)(c).

The second amended complaint states that the defendants "violated ATCP 91.08, which prohibits the sale of commodities by weight, measure, or count unless the commodity is correctly and conspicuously identified in terms of weight, measure, or count." Dkt. No. 38 at ¶51. ATCP §91.08 does not exist; the plaintiff has no private right of action to enforce a nonexistent regulation.

The second amended complaint cites ATCP §92.02. Although the plaintiff claims that regulation "requires that the price of a commodity sold by weight, measure, or count be computed on the basis of the actual quantity," dkt. no. 38 at ¶53, that is not what the regulation says. The regulation prescribes general requirements for commercial weighing and measuring devices. Wis. Admin. Code ATCP §92.02. The regulation states that no person may sell or distribute a weighing or measuring device that does not comply with certain certification requirements. Id. The court need not address whether there is a private right of action to enforce this regulation because the plaintiff's allegations have nothing to do with weighing and measuring devices. The

18

plaintiff alleges that the prices of the products he purchased "were computed based on the false declared weights rather than the actual weights." Dkt. No. 38 at ¶54. The plaintiff tries to argue that "when a defective or improperly calibrated weighing device at Defendants' distribution center produces a false weight declaration that is then printed on the label, § 92.02 is implicated at the source of the violation." Dkt. No. 43 at 21. Setting aside the fact that these allegations do not appear in the second amended complaint, ATCP §92.02 regulates only the manufacturer or distributor of the weighing or measuring device. The second amended complaint does not allege that the defendants manufactured or distributed the purportedly defective weighing device. The plaintiff has not stated a claim for a violation of ATCP §92.02.

It appears that the plaintiff may be trying to enforce violations of Wis. Stat. §§98.06, 98.12, 98.13 and 98.14 via Wis. Stat. §100.20. The plaintiff provides no basis for this court to find that these completely separate statutes are "orders" issued by DATCP pursuant to its authority under the statute. And as the court explained above, only "sealers and inspectors of weights and measures" have the authority to enforce violations under Chapter 98. Under Wisconsin law, "a private right of action is only created when (1) the language or the form of the statute evinces the legislature's intent to create a private right of action, and (2) the statute establishes private civil liability rather than merely providing for protection of the public." Grube v. Daun, 210 Wis. 2d 681, 689 (Wis. 1997). Chapter 98 does not enforce private civil liability for violations, nor does it contain any reference to private enforcement. There is no private right of action allowing the plaintiff to enforce Wis. Stat. §§98.06, 98.12, 98.13 and 98.14. Because the plaintiff either has attempted to bring a claim under a statute with no private right of action or has failed to state a claim for a

19

violation of a regulation, the court must dismiss Count II of the second amended complaint.

The plaintiff asked that if the court concluded that this second amended complaint did not state a claim, it allow him to file a third amended complaint. But as the court has said, this second amended complaint is the plaintiff's third attempt. He has had two opportunities to amend his complaint—one with the benefit of the court's comments and analysis—and still has failed to state any valid claims. The court will not grant the plaintiff leave to amend again. The court will dismiss the complaint and this case with prejudice.

## V.    Conclusion

The court **GRANTS** the defendants' motion to dismiss the second amended complaint. Dkt. No. 39.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

20